UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
                                                                   :
KINGS ROAD HOLDINGS VII LTD and                                    :   12-CV-08657 (RWS)
KINGS ROAD INVESTMENTS LTD,                                        :
                                                                   :
                          Plaintiffs,                              :
                                                                   :
          - against -                                              :
                                                                   :
PAUL A. MOORE;                                                     :
MBC GLOBAL, LLC;                                                   :
MOORE INVESTMENTS, INC.; and                                       :
RED CANYON ADVISORS, LLC,                                          :
                                                                   :
                          Defendants.                              :
                                                                   :
------------------------------------------------------------------ x

## DEFENDANTS' MEMORANDUM IN SUPPORT OF
## THEIR MOTION TO SET ASIDE THE ENTRIES OF DEFAULT

 

TANNENBAUM HELPERN
SYRACUSE & HIRSCHTRITT LLP
900 Third Avenue
New York, New York 10022
(212) 508-6700

*Attorneys for Defendants*

Of Counsel:
Paul D. Sarkozi
Zev F. Raben

Defendants Paul A. Moore ("Moore"), MBC Global, LLC ("MBC") and Red Canyon Advisors, LLC ("Red Canyon") respectfully move this Court to set aside the Clerk's Entries of Default requested by Plaintiffs Kings Road Holdings VII Ltd. and Kings Road Investments Ltd. (collectively "Kings Road") on March 22, 2013 (Dkt. # 7), and April 15, 2013 (Dkts. # 13, 15), and entered by the Clerk of the Court on March 25, 2013 (Dkt. # 9), and April 15, 2013 (Dkts. # 16, 18). *See* Fed. R. Civ. P. 55(c).

## I. INTRODUCTION & PROCEDURAL SUMMARY

In 2007, Kings Road, one of a series of off-shore investment companies in the Kings Road/Polygon Global investment companies, invested in a large scale real estate development project in Aruba, which included a hotel, time-share apartments, and a casino. Like many other real estate projects that began in 2007, the subsequent market crash caused the project to fail. Kings Road, an investment company based in the Cayman Islands, was in the business of making investments like the Aruban project, and, defendants contend, was well aware of the risks involved. Indeed, Kings Road had its own highly sophisticated investment manager, Polygon, to perform analyses and due diligence on the project.

Nevertheless, Kings Road now seeks a "fall guy" to blame for its business losses, and they have targeted Mr. Moore. Even though Mr. Moore was not involved in pitching the project to them, plaintiffs claim that they invested in the project without knowing Mr. Moore's "true" financial status, that there was a lawsuit pending against Mr. Moore, and that Mr. Moore received funds, such as a finder's fee, that they thought would be paid to others involved in putting the deal together. Along with Mr. Moore, Kings Road names three corporate entities that at one time were connected with Mr. Moore. None of these entity defendants is even arguably

responsible for plaintiffs' losses either, and all them were wound up and dissolved years ago and have no assets. The total amount of damages alleged is $32 Million.

Plaintiffs have obtained from the Clerk of Court entry of procedural defaults on Mr. Moore and two of the entity defendants.[1] There has been no motion for default judgment, nor has any default judgment been entered. Defendants seek to have the procedural defaults set aside so the case may proceed on the merits.

Last week, within two days of being retained by Mr. Moore, defense counsel, Paul Sarkozi, contacted plaintiffs' counsel, W. Murley Palmer, to negotiate a stipulation to set aside the default and set a time for Mr. Moore to respond to the Complaint. (*See* Declaration of Paul D. Sarkozi ("Sarkozi Decl."), ¶ 2.) At this time, only one defendant (Moore) had been defaulted. When defense counsel was unable to reach plaintiffs' counsel by telephone, he sent an email to Mr. Palmer on Thursday, April 11, 2013, to request a stipulation regarding the Clerk's Default as to Mr. Moore. (*Id.*) In this email, defense counsel, Mr. Sarkozi, also advised plaintiffs' counsel that he was in the process of evaluating the ability of the defunct entity defendants to appear and expected to be able to respond to Mr. Palmer by the following week. Mr. Sarkozi represented that if they concluded that those defunct entities could appear, he expected that he would be retained to represent those entities and would likely request the same courtesy of an extension to respond. (Sarkozi Decl. ¶ 3 & Ex. A.) The next day Mr. Palmer responded, asking for "authority" for defense counsel's request. Mr. Sarkozi complied on the same day, but Mr. Palmer said he would not be able to respond until the following Monday. (Sarkozi Decl. ¶ 4 & Ex. A.) On Monday, April 15, 2013, Mr. Palmer refused any stipulation, preferring instead to

---

[1] The third entity defendant, Moore Investments, Inc., retained counsel prior to the time by which it was required to answer and has made a request to the Court for an extension of time in which to answer or otherwise respond to the Complaint.

2

stand on the entry of default. At the same time, knowing that Mr. Sarkozi was attempting to determine whether he could represent the entity defendants, Mr. Palmer prepared and filed requests for entries of defaults for two of the entity defendants, whose responses were due only in the last two weeks and filed the defaults without even informing Mr. Sarkozi he intended to do so (or had done so). (Sarkozi Decl. ¶ 5 & Ex. B.; Dkts. # 13, 15).

Defendants respectfully submit that Plaintiffs engaged in this procedural maneuver because there is no merit to the underlying Complaint. As defendants will demonstrate in forthcoming motions to dismiss (if your Honor so allows), a multitude of problems doom this Complaint. First, this Court lacks personal jurisdiction over the defendants, an Illinois resident, two Illinois entities, and one Delaware entity. Second, the Complaint fails to state a claim because, among other reasons, (i) it contains no specific factual allegations to support any of the four fraud claims it purports to bring; (ii) it is barred by the applicable statute of limitations and repose; (iii) it does not (and could never) properly allege that Mr. Moore's acts were wrongful or that the alleged actions actually caused plaintiffs' injury; (iv) the investment memorandum that plaintiffs contend was "fraudulent" because it did not disclose a particular lawsuit contains a non-reliance provision, so there could be no reasonable reliance as a matter of law; and (v) plaintiffs sold their interests years ago and therefore lack standing to complain of the management of the investment and, in any event, have no direct claim and have not asserted a derivative claim. For these and a myriad of other reasons, the Complaint cannot stand.

Defendants request that the entry of default be set aside so that the claims may be decided on their merits. Mr. Moore's failure to respond to the Complaint was the result of a factual misunderstanding; it was not willful, the delay has been short, and allowing Mr. Moore an adequate opportunity to respond will not prejudice Kings Road. The corporate defendants do not

3

even exist any longer, as counsel had hoped to discuss with plaintiffs' counsel. Moreover, there is no willfulness in taking a few days to evaluate whether these defunct entities were subject to suit before answering, especially when defense counsel was waiting to hear back from plaintiffs' counsel. This court should set aside the default so that the claims may be resolved on their merits.

## II. ARGUMENT

Pursuant to Rule 55, a party may request that the court set aside a default if good cause is shown. Fed. R. Civ. P. 55(c). The Second Circuit has expressed a clear preference for settling matters on the merits, rather than through non-substantive procedural means, which may deny a party the opportunity to fully defend itself. *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 95 (2d Cir. 1993); *see also Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co.,* 92 F.3d 57, 61 (2d Cir. 1996) (stating that "strong public policy favors resolving disputes on the merits").

In analyzing whether to set aside the entry of default, courts consider: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Co.,* 10 F.3d at 95. Mr. Moore satisfies each prong; consequently, the entry of default should be set aside.

### A. Defendants Did Not Willfully Ignore the Complaint.

Mr. Moore's failure to file a timely responsive pleading was the result of an honest mistake. A defendant willfully defaults only if the defendant acted in "bad faith, or at least something more than mere negligence." *American Alliance,* 92 F.3d at 61 (determining that there is "no reason to expand this Court's willfulness standard to include careless or negligent errors in the default judgment context"). Neither bad faith nor anything more than inadvertent mistake exists here.

4

Mr. Moore's wife was served with the Complaint on January 30, 2013. (*See* Declaration of Paul A. Moore ("Moore Decl."), ¶ 2.) However, due to a miscommunication with his wife, he believed that she had not been personally served until he consulted with an attorney on April 4, 2013, who informed him that the docket showed the entry of a default against him. (Moore Decl. ¶¶ 2-3.) Mr. Moore immediately sought and retained New York counsel, whom he engaged on April 9, 2013. (Moore Decl. ¶ 4.) Mr. Moore's counsel reached out to plaintiffs' counsel the very next day, both by phone and email, and sought, over the last week, to negotiate a response date with Kings Road's attorney. (Sarkozi Decl. ¶¶ 3-4.) However, while Kings Road's counsel said he needed time to consider Mr. Moore's request for a stipulation, in reality, counsel was drafting additional applications for the entry of defaults against two of the corporate defendants, whose time to answer had just passed. On April 15, plaintiffs' counsel filed for the additional defaults, without notice of any kind to defendants' counsel, while he separately gave notice that he refused to stipulate to set aside the entry of default as to Moore. (Sarkozi Decl. ¶ 5 & Ex. B; Dkts. # 13, 15.) Defendants filed this motion to set aside two days later.

Mr. Moore and his attorneys acted expeditiously to resolve the default, and his error was without bad faith. Indeed, the Entry of Default as to Mr. Moore was entered only three weeks ago, and there has been no motion for default judgment. Moreover, the Entries of Defaults against the two entities MBC and Red Canyon were only entered on April 15, 2013 – a mere two days ago. The Entries of Default should be set aside because "all doubts must be resolved in favor of [a] trial on the merits." *Enron Oil Corp.*, 10 F.3d at 98.

As for the corporate entities, as alleged in the Complaint, they have all been dissolved. Service was obtained by serving the Secretary of State, not the corporate entity, and those defendants are only a few days late in responding even to such technical service. As the issues

regarding what party has authority to speak for these dissolved corporate entities is complex, counsel requests an extension to determine whether the entities are subject to suit and, if so, to submit responsive pleadings on their behalf.

**B.     There Is No Prejudice.**

There is no prejudice to plaintiffs; at most there will be a delay of a few weeks. Such minimal delay is not sufficient to establish prejudice. *See Enron Oil,* 10 F.3d at 98. "Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Davis v. Musler,* 713 F.2d 907, 916 (2d Cir.1983) (finding no prejudice despite a potential for delay of over 6 months) (internal citations and quotations omitted); *see also New York v. Green,* 420 F.3d 99, 110 (2d Cir. 2005) (adding that delay may be prejudicial if it "thwart[s] plaintiff's recovery or remedy"). Indeed, if the "only real prejudice" is that plaintiff "will not have the benefit of the Default Judgment, and will be forced to litigate the issues on their merits" the default should be set aside. *L.A. Gear, Inc. v. Kobacker Co., Inc.*, No. 93 Civ. 8651, 1994 WL 455573, *4 (S.D.N.Y. Aug. 23, 1994) (Sweet, J.).

**C.     Defendants Have Meritorious Complete Defenses to the Complaint.**

"The third and final prong of the test, whether a meritorious defense is presented, requires only that the defendant meet a 'low threshold.'" *Holford USA Ltd., Inc. v. Harvey,* 169 F.R.D. 41, 44 (S.D.N.Y. 1996) (internal citations omitted). Defendants must establish that it has a potential "complete defense," *Enron Oil,* 10 F.3d at 98, but defendants "need not conclusively establish the validity of the (defenses) asserted." *Davis,* 713 F.2d at 916. Plaintiffs bring claims for fraud under Section 10b-5 (Count I), common law fraud (Count II), civil conspiracy (Count III) and civil RICO (Count IV). Defendants have meritorious defenses to these claims.

6

This Court lacks personal jurisdiction over Mr. Moore and each of the corporate defendants. None is a New York resident or incorporated in this state, and while investigation continues, there appears to be no basis for the assertion of personal jurisdiction. Further, plaintiffs have not come close to pleading any of the claims asserted with sufficient particularity under Rule 9(b), which is applicable to all of plaintiffs' claims. *In re ITT Educ. Services, Inc. Sec. & S'holder Derivatives Litig.*, 859 F. Supp. 2d 572, 574 (S.D.N.Y. 2012) ("Plaintiffs claiming fraud, including securities fraud and common law fraud, must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) ... by stating with particularity the circumstances constituting fraud."). A plaintiff's failure to plead with particularity the "who, what, where, when and how" requires dismissal. *Antigenics Inc. v. U.S. Bancorp Piper Jaffray, Inc.*, 03 CIV. 0971, 2004 WL 51224 *3 (S.D.N.Y. Jan. 9, 2004) ("Particularity, in this context, 'means the who, what, where, when and how: the first paragraph of any newspaper story.'" (citation omitted)). These two defenses alone justify vacating the entry of default.

Count I also fails to state a claim because it is barred by the federal statute of repose. Rule 10b-5 claims must be brought within five years of the alleged conduct, no matter when they are discovered. 28 U.S.C.A. § 1658 (2002). The Complaint itself alleges that the supposed misrepresentations occurred in an April 2007 Confidential Information Memorandum (the "investment memorandum"). (Compl. ¶¶ 11-23, 119). Plaintiffs filed the Complaint on November 27, 2012, more than five years after the April 2007 investment memorandum; thus, Count I is barred by the five year statute of repose.

Counts II and III are barred by the applicable statutes of limitations. Assuming that Illinois law governs, the limitations period applicable to Counts II and III is also five years. Thus, plaintiffs' claims are time-barred. 735 ILL. COMP. STAT. 5/13-205. If New York law

applies, New York does not recognize a claim for civil conspiracy (Count III). *US Bank Nat. Ass'n v. Gestetner*, 103 A.D.3d 962, 963 (N.Y. App. Div. 2013) ("no independent cause of action is recognized for civil conspiracy to commit a fraud"). In any event, the sole supposedly fraudulent act alleged to have induced Kings Road's investment – failing to disclose that Mr. Moore was a defendant in a lawsuit pending in April 2007 (although the investment memorandum did disclose he had been sued in the past) – is not actionable because, in addition to other arguments: 1) the omission was not be material as a matter of law; 2) the investment memorandum specifically barred reliance so the supposed reliance could not be reasonable; 3) any due diligence on Mr. Moore would have revealed this public fact, so it cannot be the basis for reasonable reliance; and 4) plaintiffs cannot establish loss causation.

Count IV is also barred by the statute of limitations, which is only four years for a civil RICO claim. *Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143, 156 (1987). In addition, this claim is barred for all of the above reasons.

As to all of the corporate defendants, there is no conduct alleged on their part other than receiving payments, including, payments at the 2007 closing, that were then disclosed to plaintiffs (Compl. ¶ 41), disclosed management fees (Compl ¶ 74)[2], and a finder's fee for a land sale (Compl. ¶ 78). Other than this receipt of funds, plaintiffs do not allege any action by these three entities. This is plainly insufficient pleading under Rule 9(b), because when "a complaint is made against multiple defendants ... 'the pleading must give notice to *each* defendants of its alleged misconduct.'" *Dietrich v. Bauer*, 76 F. Supp. 2d 312, 329 (S.D.N.Y. 1999) (Sweet, J.) (internal citations omitted). Not only do these defendants no longer exist, but it is impossible to

---

[2] Plaintiffs complain of the diversion of these management fees from Frederick Gillman to Paul Moore (Compl. ¶¶ 74-76), but they have no standing to complain about the division of fees between others. The amount of the management fees was disclosed and plaintiffs do not even allege that it was too much.

8

determine from the Complaint whether there is any basis for individual liability for the corporate defendants.

Vacating the entry of default would allow these defenses and others to be heard on their merits and, in a case in which plaintiffs seek over $32 million, these defenses should be adjudicated on their merits. *Silva v. Bridgebar LLC*, No. 09 Civ. 8281, 2011 WL 3423917, *3 (S.D.N.Y. Aug. 4, 2011) (Sweet, J.) ("given the damage claims asserted of over $1 million and the preference to have claims determined on the merits, the motion to open the default in answering is granted.").

### III.  CONCLUSION

For all of the foregoing reasons, Defendants' Motion to Set Aside the Entry of Default should be granted and the Court should provide such other and further relief as the Court might deem just and proper. In particular, defendants request that this Court grant them 45 days thereafter to submit responsive pleadings.

Dated: New York, New York
April 17, 2013

> Respectfully submitted,
>
> TANNENBAUM HELPERN
> SYRACUSE & HIRSCHTRITT LLP
>
> By: ___/s/Paul D. Sarkozi___
> Paul D. Sarkozi
> Zev Raben
> 900 Third Avenue
> New York, New York 10022
> Phone: (212) 508-6700
> Fax: (212) 371-1084
> sarkozi@thsh.com
> raben@thsh.com
> *Attorneys for Defendants*