UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
                                          :

KINGS ROAD HOLDINGS VII LTD and     :     12-CV-08657 (RWS)
KINGS ROAD INVESTMENTS LTD,         :

                            :

                 Plaintiffs,         :

                            :

             - against -            :

                            :

PAUL A. MOORE;                         :
MBC GLOBAL, LLC;                     :
MOORE INVESTMENTS, INC.;  and         :
RED CANYON ADVISORS, LLC,           :

                            :

                 Defendants.       :

                            :
------------------------------------------------------------------ x

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO SET ASIDE THE ENTRIES OF DEFAULT

TANNENBAUM HELPERN
SYRACUSE & HIRSCHTRITT LLP
900 Third Avenue
New York, New York 10022
(212) 508-6700

*Attorneys for Defendants*

Of Counsel:
Paul D. Sarkozi
Zev F. Raben

Defendants Paul Moore, MBC Global, LLC ("MBC"), and Red Canyon Advisors, LLC ("Red Canyon") submit this reply memorandum in further support of their motion to set aside the Clerk's Entries of Default requested by plaintiffs Kings Road Holdings VII Ltd. and Kings Road Investments Ltd. (collectively, "Kings Road") on March 22, 2013 (Dkt. #7) and April 15, 2013 (Dkts. #13, 15) and entered by the Clerk of Court on March 25, 2013 (Dkt. #9) and April 15 (Dkts. #16, 18).

## PRELIMINARY STATEMENT

Remarkably, plaintiffs do not offer a single case to oppose defendants' motion. Instead, plaintiffs recite "facts," which are really only assumptions without support, presented only to poison this Court's perception of defendants – all with the apparent hope that plaintiffs may achieve a $32 million judgment without even stating a viable claim. Defendants have appeared and are ready to proceed. The delay has been less than two months, and, in the case of the entity defendants, was less than two weeks. One of the defendants in the case is already scheduled to file a responsive pleading by May 31, and will assert many arguments common to all defendants. The other defendants should likewise be permitted to present their defenses.

Defendants have established "good cause" for lifting the entries of default by establishing that (1) the defaults were not willful; (2) there would be no prejudice to plaintiffs in lifting the defaults; and (3) the defendants have meritorious defenses. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

First, plaintiffs' submission does nothing to counter defendants' evidence that the default was not willful. As a matter of established law, a misunderstanding that valid service was made is not willful. *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 613 (S.D.N.Y. 2012) (mistaken "belief that service had not been completed" is not willful; "Courts have consistently recognized

that such a mistake, while potentially negligent or careless, does not rise to willfulness.") (Sweet, J.) (internal citations omitted). Moore's default was the result of a mistake – he misunderstood that service had occurred – and his response upon learning of his mistake only underscores his lack of willfulness: once he discovered that his wife had been formally served, he acted immediately – and plaintiffs' counsel was contacted within days to lift the default.

Second, plaintiffs have failed to present evidence of any prejudice. While plaintiffs engage in irresponsible speculation of Moore's motives and actions over an unspecified time period, there is no evidence of any prejudice whatsoever, let alone from defendants' short delay in responding to the Complaint.

Third, the merits compel granting defendants' motion. There are both procedural and substantive bars to plaintiffs' claims. Procedurally, this Court lacks personal jurisdiction over defendants; plaintiffs' Rule 10b-5 claim is barred by the statute of repose; and plaintiffs lack standing to bring their mismanagement claims. Moreover, plaintiffs fail to plead with requisite particularity and even fail to allege actionable conduct by certain defendants. In any event, defendants' substantive defenses defeat plaintiffs' claims, including, among others, that plaintiffs' fraudulent inducement claim is barred by the binding non-reliance clauses in the transaction documents and that there is no loss causation because plaintiffs' losses were caused by market conditions. In response, plaintiffs ignore these defenses and instead criticize Moore for failing to deny the factual allegations in the Complaint. Let there be no mistake: defendants vigorously deny any wrongdoing. However, even if one were to take the factual allegations as true, plaintiffs have not pled actionable claims. Because the "most significant consideration" in setting aside a default "is that a meritorious defense" has been asserted, these defaults should be

set aside. *Silva v. Bridgebar L.L.C.,* No. 09 Civ. 8281, 2011 WL 3423917, at *3 (S.D.N.Y. Aug. 4, 2011) (Sweet, J.).

The Complaint, which purports to seek damages of $32 million, should be addressed on its merits, not by default, and the motion to set aside the defaults should be granted.

## ARGUMENT

Defaults "are reserved for rare occasions [and] when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp.*, 10 F.3d at 96; *see also Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) ("[s]trong public policy favors resolving disputes on the merits"). Because default is "the most severe sanction which the court may apply" all "[d]oubts should be resolved in the non-moveant's favor." *Sikhs for Justice*, 893 F. Supp. 2d at 612-13 (Sweet, J.) (internal citations omitted).

**A.      Defendants Did Not Willfully Ignore the Complaint.**

Paul Moore did not respond to the Complaint because he misunderstood that the Complaint had not been personally served. (*See* Declaration of Paul A. Moore ("Moore Decl."), ¶¶ 2-3). Nonetheless, plaintiffs assert that defendants' default was willful because, even if the Complaint had not been properly served, there was some obligation for defendants to seek dismissal. (*See* Plaintiff's Response to Defendants' Motion to Set Aside the Entries of Default ("Pls.' Br.") at 2.) Plaintiffs' argument ignores governing law; there is no obligation to answer an improperly served complaint. *See, e.g., Local 78*, No. 01 Civ. 5589 (JGK), 2003 WL 22052872, at *3 (S.D.N.Y. Sept. 2, 2003) ("The procedural requirement of effective service of process must be satisfied before a Court can assert personal jurisdiction over a defendant . . . . Hence, a default judgment . . . . is void."). Because defendants are not required to appear if

3

service is ineffective, and Moore believed that he had not been personally served, he did not willfully fail to answer the Complaint.

It is well established that a failure to answer based on a misunderstanding regarding whether formal service had been accomplished is not willful and, therefore, the entry of default should be set aside. In *Sikhs for Justice*, this Court addressed this very issue. There, defendant mistakenly believed that service had not technically complied with the Hague Convention. *Sikhs for Justice*, 893 F. Supp. 2d at 613. In denying the motion for default judgment and lifting the default, this Court held that "Courts have consistently recognized that such a mistake, while potentially negligent or careless, does not rise to willfulness." *Id.*

Similarly, Judge McAvoy's decision in *Canfield v. VSH Rest. Corp.*, 162 F.R.D. 431, 434 (N.D.N.Y. 1995), further supports setting aside the entry of default. There, as here, plaintiffs attempted to negotiate before filing their complaint. There, as here, plaintiffs later personally served a copy of the complaint. *Id.* at 434. Defendant did not understand that the later service constituted "formal service." *Id.* Consequently, the court set aside the clerk's entry of defaults three months after their entry. *Id.*; *see also Salmassi v. Euro-Am. Container Line Ltd.*, No. 08 Civ. 4892, 2010 WL 2194827, at *6 (S.D.N.Y. 2010) (Sweet, J.) ("confusion" sufficient to set aside default, citing *Canfield*). The same result is warranted here.

Plaintiffs argue that this Court should reject the evidence establishing that default was not willful because Moore is "not a typical defendant." To support their argument that Moore should be treated with more hostility by the Court, plaintiffs appear to point to two things: (1) Moore's failure to respond to plaintiffs' demand letter and (2) a default in another case that was subsequently vacated. (Pls.' Br. at 3-4).

4

As to plaintiffs' first argument, it is unclear what conclusion plaintiffs expect the Court to draw from Mr. Gerber's declaration, since he attests to attempting to deliver a demand letter, not service of the Complaint, at Mr. Moore's residence. (Gerber Decl. ¶¶ 4-5). Indeed, Mr. Gerber admits that he successfully delivered the demand letter to Mr. Moore's residence. Moreover, Mr. Moore does not deny having received the demand letter that was left at his home.

Plaintiffs' second argument is that Moore's default in another action somehow establishes that Moore routinely pursues a strategy of defaulting. But if anything, it shows just the opposite. Plaintiffs testify that Moore was involved in "over a dozen lawsuits." (Palmer Decl. ¶ 13). That he defaulted in only one case (seeking about $34,000) establishes, if anything, that Moore participates in the judicial process. (*See* Palmer Decl. Ex. F Part A – First Half at 19 (Dkt. # 33-3)). Moreover, plaintiffs neglect to inform the Court that the default judgment was vacated and that case proceeds on the merits. (*See* Order granting Moore's motion to set aside default judgment, Declaration of Paul D. Sarkozi in Further Support at Ex. C).

Plaintiffs also argue that the two entity defendants do not offer an explanation for their defaults. But counsel for defendants informed plaintiffs' counsel on April 11, 2013, that he was reviewing whether these dissolved and cancelled entities were subject to suit. (Sarkozi Decl. Ex. A, April 11, 2013 email ("We are evaluating whether those defunct entities can retain counsel and appear and, if so, expect that we will be retained to represent them. I expect to have that answer next week. If so, I would propose the same 60-day time period for those entities as well.")). In response to this proposal, plaintiffs' counsel said he would need until Monday, April 15th, to respond, due "to an unanticipated development." *Id.* Instead of responding, on that Monday, without notice, plaintiffs requested entries of default against these two entities as well.

5

Such gamesmanship should not be rewarded; plaintiffs should be required to prove their case against each defendant.

**B.  There is No Prejudice to Plaintiffs.**

The delay here is less than two months and plaintiffs have submitted no evidence of prejudice. It is well established that "delay alone is an insufficient basis for establishing prejudice." *Sikhs for Justice*, 893 F. Supp. 2d at 615 (internal citations omitted). Rather, to establish prejudice, plaintiffs "must demonstrate that the delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Id.* (internal citations omitted).

Plaintiffs have no substantive argument or evidence to establish prejudice, so they resort to innuendo. Plaintiffs argue that they are prejudiced because delay allowed "an individual such as Paul Moore" time to destroy evidence and hide assets. To support these very serious accusations, plaintiffs cite two unrelated events supposedly establishing that Moore behaves outside of the bounds of the law. Neither even arguably supports such a notion.

First, plaintiffs complain that a company associated with Moore declared bankruptcy on the eve of trial. (Pls.' Br. at 9). But declaring bankruptcy is lawful and the effect of declaring bankruptcy on pending litigation is well-established. Plaintiffs argue that because a company associated with Paul Moore used an available <u>legal</u> avenue, the Court should presume that Moore would resort to illegal behavior – an illogical presumption.

Second, plaintiffs accuse Mr. Moore of altering evidence, and in support of this serious allegation reference only publicly available web-based social media sites, theorizing that Mr. Moore edited his online profile on LinkedIn at some point in time after 2007. Indeed, Plaintiffs' counsel's sleuthing takes another turn in the absurd in concluding that other persons' profiles

6

would necessarily reflect on what Mr. Moore's social networking profile would have at one time stated. More bizarrely, the "Yatedo" website that plaintiffs attach clearly states that it aggregates information and links to multiple sources for that information. (Palmer Decl. Ex. H). Accordingly, there is no basis to conclude that Moore's LinkedIn account has even changed. More importantly, Mr. Moore's social media presence is wholly irrelevant to the merits of this case and there is no reason to believe that Moore took any action whatsoever during the several-week delay that was caused by his confusion over whether he had been formally served with the Complaint.

## C.   Defendants Have Meritorious Complete Defenses.

Defendants have established meritorious defenses.

> To establish a meritorious defense sufficient to deny entry of a default judgment, the defendant need not establish his defense conclusively, and the defense need not be ultimately persuasive at this stage. Rather, the defendant must present evidence of facts that, if proven at trial, would constitute a complete defense. In other words, [w]hile the defendant must articulate a defense in such a manner that it directly relates to the allegations set forth in the plaintiff's pleadings, and raises a serious question as to the validity of those allegations, a defendant need not conclusively establish the validity of the defense asserted or plead the defenses with heightened particularity.

*Sikhs for Justice*, 893 F. Supp. 2d at 613-14 (internal citations and quotations omitted).

Similarly, articulating a legal defense – such as the expiration of statute of limitations, lack of personal jurisdiction or failure to state a claim – will also establish a meritorious defense sufficient to set aside a default. *See, e.g., id.* at 615 (personal jurisdiction and statute of limitation arguments are sufficient to avoid entry of default judgment); *Salmassi*, 2010 WL 2194827 at *5-7 (personal jurisdiction and venue arguments are sufficient to vacate a default judgment).

Defendants have articulated such legal defenses and plaintiffs either wholly fail to respond or do not refute that defendants have met the burden that this Court requires. (Pls.' Br. at 10-11). Tellingly, plaintiffs do not even address their failure to meet the fraud-pleading standards, which renders the entire Complaint subject to dismissal. Nor do plaintiffs explain why they have pled no actionable misconduct by the entity defendants – indeed, there is no basis for their liability anywhere in the Complaint. Further, plaintiffs fail to advance any basis or allegation supporting the exercise of personal jurisdiction over the entity defendants. Thus, the Clerk's defaults against them would be void even if not set aside. *Local 78*, 2003 WL 22052872, at *3.

Plaintiffs also seem to concede that their lead claim, securities fraud under Rule 10b-5, is barred by the five year statute of repose, 28 U.S.C.A. § 1658, and that their claim for civil conspiracy is not recognized under New York law. *U.S. Bank Nat. Ass'n v. Gestetner*, 103 A.D.3d 962, 963 n. 2 (N.Y. App. Div. 2013) ("no independent cause of action is recognized for civil conspiracy to commit a fraud"). Plaintiffs advance no argument that would revive these claims, but only state that they will address defendants' arguments when a motion to dismiss is filed. (Pls.' Br. at 11). That is precisely what defendants seek, the ability to address the Complaint on its merits.

In sum, defendants have asserted complete defenses that constitute a sufficient basis to set aside the defaults. This Court lacks personal jurisdiction over defendants, plaintiffs' claims are not timely, plaintiffs lack standing to pursue the mismanagement claims, and plaintiffs have asserted claims not recognized by New York law. These significant barriers preclude recovery and should be fully addressed by setting aside the defaults and allowing the case to proceed on the merits.

## CONCLUSION

For all of the foregoing reasons, Defendants' Motion to Set Aside the Entries of Default should be granted and the Court should provide such other and further relief as the Court might deem just and proper. In particular, defendants request that this Court grant them 45 days thereafter to submit responsive pleadings.

Dated: New York, New York
       May 13, 2013

                              Respectfully submitted,


                              TANNENBAUM HELPERN
                              SYRACUSE & HIRSCHTRITT LLP

                              By: ___/s/Paul D. Sarkozi_____
                                     Paul D. Sarkozi
                                     Zev Raben
                                  900 Third Avenue
                                  New York, New York 10022
                                  Phone: (212) 508-6700
                                  Fax: (212) 371-1084
                                  sarkozi@thsh.com
                                  raben@thsh.com
                                  *Attorneys for Defendants*

9